Dear Mr. Wells:
This office is in receipt of your request for an opinion of the Attorney General in regard to workmen's compensation insurance for the Fire Department. You indicate the Police Jury has experienced a dramatic increase in the cost of workmen's compensation insurance for the Fire Department. You point out that the parish police jury has two separate policies, one for all non-fire department employees and for fire department employees, and you state, "The Jury desires that your office render an opinion as to whether there is an exposure to the Police Jury and under a claim on one of the coverage limits, i.e. catastrophic, can a claimant file a claim for loss for coverage limits on both policies."
First, we find it pertinent to note that an employee can obtain a claim for medical care in any amount that covers the necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized as legal which the employer shall furnish, R.S. 23:1202. As observed in Daniels v. Keller Supply, Inc.,854 So.2d 416, (La.App 2003), "an employer has a statutory duty to furnish all necessary medical treatment caused by a work related injury. The right to reimbursement for medical expenses is separate and distinct from the right to compensation." (Emphasis added.)
Consistent with this latter decision of the court, we note that this office observed in Atty. Gen. Op. 82-887A that where the accident and health policy did not pay the total medical expense incurred by the employee because of an on-the-job injury, the employer must pay the balance to the employee; and where an employee is entitled to $5,000 as worker's compensation weekly benefits while the insurance policy pays weekly benefits amounting to $2,000, the employer must pay the remaining $3,000. This office stated that the provisions of R.S. 23:1031 et seq. and 23:1221 "clearly show that the responsibility of paying the weekly benefits due under the Workmen's Compensation Act falls upon the employer. If the insurance which he purchases to fulfill this responsibility is inadequate; he must pay the balance due to the employee."
Similarly, this office stated in Atty. Gen. Op. 85-757 that any claim which cannot be paid fully by the insurer, or which is not a compensable claim under the insurance policy must be paid by the party cast in judgment, and any judgment exceeding the limits of the policy must be paid by the insured or any other party cast in judgment.
Insofar as the liability under a policy for worker's compensation, it would be restricted to the named insured. Therefore, if the coverage is stated to apply to non-fire department employees, there could not be a claim made for a fire department employee; or in the opposite situation, a fire department employee could not make a claim under a policy for non-fire department employees. However, if the policies are simply issued to the Rapides Parish Police Jury without a specification that it be for fire department employees or non-fire department employees, coverage would apply for any liability of the parish under either claim.
However, as stated hereinabove the policy limits would not limit the exposure of the police jury for catastrophic claims for which responsibility can be attributed to the police jury.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr